IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

CARLTON C. HOUSTON, JR.,

Plaintiff,

v.

HOFFMANN BROTHERS HEATING AND AIR CONDITIONING, INC. D/B/A HOFFMANN BROTHERS,

Defendant.

Civil Action No. ________________

JURY TRIAL DEMANDED

## COMPLAINT

COMES NOW, Carlton C. Houston, Jr. ("Plaintiff" or "Mr. Houston"), by and through his undersigned counsel, and files this, his Complaint, and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages and reasonable attorney fees against Defendant Hoffmann Brothers Heating and Air Conditioning, Inc. d/b/a Hoffmann Brothers ("Defendant" or "Hoffmann Brothers") for violations of his rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"); the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §

12101 et seq. ("ADA"); and the Family and Medical Leave Act of 1993, as amended ("FMLA").

2.

This action challenges Defendant's conduct in treating Plaintiff, an African American employee, less favorably than his white coworkers; in refusing to accommodate his known physical restrictions; and in placing Plaintiff on unpaid leave and ultimately terminating his employment because of his race, his disability, and his requests for reasonable accommodation, while contemporaneously creating a position within his restrictions that it refused to offer him.

## JURISDICTION AND VENUE

3.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as this action arises under federal law, specifically Title VII, the ADA, and the FMLA. This Court also has jurisdiction pursuant to 28 U.S.C. § 1343(a)(4), which provides for jurisdiction in actions to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights.

4.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Plaintiff was employed by Defendant in this judicial district and division, and a

substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this judicial district and division.

**ADMINISTRATIVE PROCEDURES**

5.

Plaintiff has fulfilled all conditions precedent necessary to proceed with his causes of action under Title VII and the ADA. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge Number 560-2026-00027, alleging discrimination based on race and disability and retaliation.

6.

The EEOC found reasonable cause to believe that violations of the statutes occurred but was unable to obtain a settlement with Defendant that would provide relief to Plaintiff. On or about July 30, 2026, the EEOC issued Plaintiff a Notice of Right to Sue. Plaintiff files this Complaint within ninety (90) days of his receipt of that Notice.

7.

Plaintiff's claim under the FMLA is not subject to any administrative exhaustion requirement.

## PARTIES

8.

Plaintiff Carlton C. Houston, Jr. is a Black, African American male, a citizen of the United States, and a resident of the State of Missouri. At all relevant times, Plaintiff was employed by Defendant from on or about July 5, 2023, until his termination on June 12, 2025. Plaintiff is subject to the jurisdiction of this Court.

9.

Defendant Hoffmann Brothers Heating and Air Conditioning, Inc. d/b/a Hoffmann Brothers is a corporation doing business in the State of Missouri, with its principal place of business located at 1025 Hanley Industrial Court, Brentwood, Missouri 63144, and at all times material hereto has conducted business within this District and Division.

10.

At all times relevant to this action, Defendant has been an employer engaged in an industry affecting commerce and has employed more than four hundred (400) employees for each working day in each of twenty or more calendar weeks in the current and preceding calendar years.

11.

Defendant is therefore an "employer" within the meaning of Title VII, 42 U.S.C. § 2000e(b); the ADA, 42 U.S.C. § 12111(5)(A); and the FMLA.

12.

Defendant may be served with process through its registered agent, Stephen J. Smith, 825 Maryville Centre Drive, Suite 300, Town and Country, MO 63017, or at its principal place of business located at 1025 Hanley Industrial Court, Brentwood, Missouri 63144.

## **FACTUAL ALLEGATIONS**

13.

Plaintiff was hired by Defendant on or about July 5, 2023, as an HVAC Installer, earning $23.00 per hour.

14.

Throughout his employment, Plaintiff performed his job duties satisfactorily and received no prior warnings or discipline related to his job performance.

15.

In November 2023, Plaintiff injured his wrist while lifting a heavy object at a job site.

16.

It was common practice for employees who were injured on the job to be sent immediately to seek medical attention. However, when Plaintiff was injured, management told him not to go to the hospital. This was in stark contrast to the treatment of Plaintiff's white coworkers, who had been sent immediately to seek care for similar on-the-job injuries.

17.

Because Plaintiff was not permitted to seek immediate care, approximately three months passed before he was referred to a specialist, who determined that Plaintiff's wrist was fractured and would require surgery.

18.

Plaintiff underwent surgery on his wrist in March 2024, after which he returned to work on light duty pursuant to his doctor's orders.

19.

After returning to work, Plaintiff required a hip replacement, following which he again returned to work with medical restrictions limiting him to light duty.

20.

Plaintiff provided Defendant with ample medical documentation of his restrictions and made requests for reasonable accommodations.

21.

Despite Plaintiff's documented restrictions and accommodation requests, Defendant's management repeatedly assigned Plaintiff to work sites and tasks that demanded significant physical exertion and that aggravated his injuries.

22.

The assignments requiring Plaintiff to exert himself beyond his documented medical restrictions appeared calculated to push Plaintiff to quit his job or to create a pretext for Defendant to terminate his employment.

23.

As a result of the physically strenuous assignments, Plaintiff reported renewed swelling in his previously injured wrist in late 2024.

24.

After Plaintiff reported the renewed swelling, rather than providing suitable assignments that met his need for accommodation, management assigned Plaintiff increasingly difficult tasks.

25.

In early 2025, Defendant sent Plaintiff home for four weeks without pay under the stated pretense that there was no light duty work available for him, even though Plaintiff had accrued paid vacation time that he was not permitted to use.

26.

After Plaintiff returned to work, on June 12, 2025, Defendant terminated Plaintiff's employment, stating that it had no light duty work available for him.

27.

Immediately after Plaintiff's termination, Defendant created a new light duty position consisting of charging A/C units, a position that Plaintiff could have performed within his medical restrictions and for which he was qualified.

28.

Throughout his employment, Plaintiff was treated less favorably than his white coworkers. While white employees were promptly sent to the hospital after on-the-job injuries, Plaintiff was denied that basic support.

29.

After his injury, Plaintiff was subjected to repeated drug testing, a practice he did not observe being applied to other employees, most of whom were white.

30.

Plaintiff was also required to pay for accidental equipment damage, even though his white coworkers were not held similarly accountable for such damage.

31.

Although Defendant purports to provide a legitimate, non-discriminatory reason for Plaintiff's termination, namely a lack of available light duty work, that reason is pretextual, as demonstrated by Defendant's creation of a suitable light duty position immediately after Plaintiff's termination.

32.

Plaintiff's placement on unpaid leave and his termination were causally connected to his race, to his disability, and to his requests for reasonable accommodation.

33.

As a direct and proximate result of Defendant's conduct, Plaintiff lost wages and benefits, including approximately five weeks of wages between his termination and his subsequent employment, lost paid time off and vacation time, and the loss of health insurance benefits. Plaintiff has also suffered emotional distress and reputational harm.

## CLAIMS FOR RELIEF

## COUNT I: RACE DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

34.

Plaintiff re-alleges and incorporates paragraphs 13 through 33 as if fully set forth herein.

35.

Plaintiff is a Black, African American male and is a member of a protected class.

36.

Plaintiff was qualified for his position as an HVAC Installer and performed his job duties satisfactorily.

37.

Defendant subjected Plaintiff to adverse employment actions, including placing him on unpaid leave and terminating his employment.

38.

Plaintiff was treated less favorably in the terms and conditions of his employment than similarly situated employees who were not African American, including with respect to the denial of immediate medical care following his on-

the-job injury, the imposition of repeated drug testing, and being required to pay for accidental equipment damage.

39.

Defendant's conduct constitutes unlawful discrimination against Plaintiff with respect to the terms, conditions, and privileges of his employment because of his race, in violation of Title VII, 42 U.S.C. § 2000e-2(a)(1).

40.

Although Defendant purports to provide a legitimate, non-discriminatory reason for Plaintiff's termination, that reason is pretextual.

41.

As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered economic and non-pecuniary damages.

42.

Defendant willfully and with reckless indifference disregarded Plaintiff's federally protected rights, entitling Plaintiff to compensatory and punitive damages.

## COUNT II: DISABILITY DISCRIMINATION AND FAILURE TO ACCOMMODATE IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

43.

Plaintiff re-alleges and incorporates paragraphs 13 through 33 as if fully set forth herein.

44.

Plaintiff's wrist fracture, his hip condition, and the resulting documented medical restrictions constitute a disability within the meaning of the ADA.

45.

Plaintiff was qualified to perform the essential functions of his position, with or without reasonable accommodation, as evidenced by his satisfactory work performance and his ability to perform available light duty work.

46.

Plaintiff requested reasonable accommodations and provided Defendant with medical documentation of his restrictions.

47.

Rather than providing Plaintiff with reasonable accommodations, Defendant repeatedly assigned Plaintiff physically demanding tasks that exceeded his

restrictions and aggravated his injuries, placed him on unpaid leave, and terminated his employment.

48.

Defendant failed to provide Plaintiff with a reasonable accommodation and, immediately after terminating him, created a light duty position within his restrictions that it declined to offer him.

49.

Defendant subjected Plaintiff to adverse employment actions because of, or as a result of, his disability, in violation of the ADA, 42 U.S.C. § 12112(a).

50.

Although Defendant purports to provide a legitimate, non-discriminatory reason for Plaintiff's termination, that reason is pretextual.

51.

As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered economic and non-pecuniary damages.

52.

Defendant's actions were undertaken with malice or with reckless indifference to Plaintiff's federally protected rights, thereby entitling Plaintiff to punitive damages.

## COUNT III: RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

53.

Plaintiff re-alleges and incorporates paragraphs 13 through 33 as if fully set forth herein.

54.

Plaintiff engaged in protected activity under the ADA when he returned to work with documentation of his medical restrictions, requested reasonable accommodations, and reported the renewed swelling in his previously injured wrist.

55.

After Plaintiff engaged in protected activity, Defendant took adverse employment actions against him, including assigning him physically strenuous tasks beyond his restrictions, placing him on unpaid leave, and terminating his employment.

56.

There exists a causal connection between Plaintiff's protected activity and the adverse actions taken against him, as demonstrated by the timing of

Defendant's conduct and by Defendant's creation of a light duty position within Plaintiff's restrictions immediately after his termination.

57.

Defendant's unwarranted adverse actions against Plaintiff because of his protected activity constitute unlawful retaliation in violation of the ADA.

58.

Although Defendant purports to provide a legitimate, non-discriminatory reason for Plaintiff's termination, that reason is pretextual.

59.

As a direct and proximate result of Defendant's retaliation, Plaintiff has suffered economic and non-pecuniary damages, and Defendant's actions were undertaken with malice or with reckless indifference to Plaintiff's federally protected rights.

**COUNT IV: RETALIATION IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT**

60.

Plaintiff re-alleges and incorporates paragraphs 13 through 33 as if fully set forth herein.

61.

Plaintiff asserted rights protected under the FMLA when he took leave in 2024 to undergo surgery on his wrist and a hip replacement for serious health conditions that rendered him unable to perform the functions of his position.

62.

After Plaintiff exercised his rights under the FMLA, Defendant took adverse employment actions against him, including assigning him physically strenuous tasks beyond his medical restrictions, placing him on unpaid leave, and terminating his employment.

63.

There exists a causal connection between Plaintiff's exercise of his FMLA rights and the adverse actions taken against him.

64.

Defendant's conduct constitutes unlawful retaliation in violation of the FMLA.

65.

Although Defendant purports to provide a legitimate, non-discriminatory reason for Plaintiff's termination, that reason is pretextual.

66.

As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered loss of wages, benefits, and other damages, and Defendant's conduct was willful.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Carlton C. Houston, Jr. respectfully prays for judgment against Defendant as follows:

(a) A trial by jury as to all triable issues of fact;

(b) Back pay, front pay, and other compensatory damages for lost wages and benefits caused by Defendant's unlawful conduct;

(c) General damages for mental and emotional suffering caused by Defendant's unlawful conduct;

(d) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts in violation of Plaintiff's rights;

(e) Declaratory relief establishing that Defendant violated Plaintiff's rights under Title VII, the ADA, and the FMLA;

(f) Injunctive relief ordering Plaintiff's reinstatement to his former position, or front pay in lieu thereof, and prohibiting Defendant from engaging in further unlawful conduct of the type described herein;

(g) Reasonable attorney's fees and expenses of litigation;

(h) Prejudgment and post-judgment interest at the maximum rate allowed by law;

(i) All costs of this action; and

(j) Such other and further relief as this Court deems just and proper.

Respectfully submitted this 26th day of October, 2026.

**BARRETT & FARAHANY**

*s/ Alexander William Gass*

Alexander William Gass
MO Bar No. 72810
Alan G. Crone
MO Bar No. 73285

*Counsel for Plaintiff*
*Carlton C. Houston, Jr.*

2921 Piedmont Road, NE
Atlanta, GA 30305
(314) 784-9091
agass@justiceatwork.com
acrone@justiceatwork.com

**DECLARATION AND VERIFICATION**

I, Carlton C. Houston, Jr., verify and declare under penalty of perjury that the facts stated in the foregoing Verified Complaint for Damages are to the best of my knowledge and belief true, and that this Complaint is not made out of levity or by collusion with the Defendant, but in sincerity and truth for the causes mentioned in the Complaint.

____________________________________
CARLTON C. HOUSTON, JR.

**10/27/2026**

____________________________________
Date: